■ In the Matter of HARRIET TABAK, Appellant, v. MARVIN TABAK, Respondent.— In a support proceeding, the petitioner appeals from an order of the Family Court, Suffolk County, dated August 6, 1974, which reduced support payments for herself and one of the parties' children to $60 weekly; fixed support arrears at $1,800 as of August 1, 1974 and directed that they be paid no later than November 1, 1974; and ruled that a $2,500 escrow fund is respondent's property and directed petitioner's attorney to remit it to respondent's attorney. Payment of the arrears and the escrow fund was stayed by order of this court dated September 27, 1974. Order modified, on the law and in the interests of justice, by striking therefrom the direction that the escrow fund be paid to respondent's attorney and substituting therefor a provision directing that $1,800 be paid to appellant out of the escrow fund, to satisfy the arrears, and that the balance of the escrow fund, $700, be paid to respondent. As so modified, order affirmed, without costs. We consider the disposition thus made to be fair to both parties. Hopkins, Acting P. J., Martuscello, Brennan, Benjamin and Shapiro, JJ., concur.

■ In the Matter of GREGORY V. (ANONYMOUS), Appellant.— Appeal from an order of the Family Court, Dutchess County, dated April 16, 1974, which, upon a finding that appellant is a person in need of supervision, made after a hearing, directed that he be placed with a facility of the Division for Youth. Order reversed, on the law and the facts, without costs, and proceeding dismissed. The totality of facts adduced at the hearing on April 16, 1974 negatived the conclusion that appellant was a person in need of supervision, within the meaning of the applicable statute, that is, that he "does not attend school in accord with the provisions of part one of article sixty-five of the education law" or "is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of parent or other lawful authority" (Family Ct. Act, § 712, subd. [b]; *Matter of Richard W.*, 29 A D 2d 873; *Matter of Reynaldo R.*, 73 Misc 2d 390). Hopkins, Acting P. J., Latham, Christ, Benjamin and Munder, JJ., concur.

■ RONALD KRAMER, Respondent, v. J. J. G. TRUCKING CORP., Appellant, et al., Defendant.— The respective attorneys for plaintiff and for defendant J. J. G. Trucking Corp. have stipulated on this appeal by said defendant from an interlocutory judgment of the Supreme Court, Queens County, entered October 18, 1974, at a conference in this court on January 27, 1975, that the judgment be reversed, vacated and deemed a nullity and that the complaint be dismissed on the merits. In accordance with the stipulation, the interlocutory judgment is reversed, vacated and deemed a nullity, without costs, and the complaint as against said defendant is dismissed on the merits. This court has not passed on the merits. Gulotta, P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.